under the circumstances, that the trial will involve the examination of a long account. (*Brooklyn Public Library* v. *City of New York*, 240 N. Y. 465.) Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ., concur.

G. J. SEEDMAN Co., INC., Respondent, v. MORRIS FEIN and WEST FOURTEENTH STREET AND STILLWELL AVENUE GARAGE, INC., Appellants, and Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

THE SHEPARD ELEVATOR COMPANY and Others, Respondents, v. MALBA GARDENS CORPORATION and Others, Appellants, and Others, Defendants.— Order denying motion of defendants Malba Gardens Corporation, Gotham Associates, Inc., Cherco, Inc., and Emanuel Gold to dismiss the complaint, or to strike certain paragraphs from it, or to direct service of an amended complaint, affirmed, with ten dollars costs and disbursements. Said defendants may have leave to answer within ten days from service of a copy of the order herein. No opinion. Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ., concur.

THE SHEPARD ELEVATOR COMPANY and Others, Respondents, v. YONKERS ESTATES, INC., and Others, Appellants, and Others, Defendants.— Order denying motion of defendants Yonkers Estates, Inc., Gotham Associates, Inc., and Emanuel Gold to dismiss the complaint, or to strike certain paragraphs from it, or to direct service of an amended complaint, affirmed, with ten dollars costs and disbursements. Said defendants may have leave to answer within ten days from service of a copy of the order herein. No opinion. Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ., concur.

VIRGINIA J. SHRINER, Respondent, v. DONALD W. SHRINER, Appellant.— Order affirmed, with ten dollars costs and disbursements. Defendant claims he is unable to meet the requirements of the order directing him to pay alimony and counsel fee. Under the facts presented the Special Term was warranted in finding that defendant should not be relieved of his obligations thereunder. However, the action should be tried at the earliest possible moment so that therein there may be a full and complete investigation of defendant's financial standing and a fixation of alimony accordingly in the event that judgment be awarded to plaintiff, which is likely, since defendant indicates he will not defend. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

CHARLES E. SHUSTER, Appellant, v. NATIONAL SURETY COMPANY, Respondent.— Order as resettled and judgment reversed upon the law and the facts, with costs, and verdict reinstated, with costs. In our opinion plaintiff proved facts sufficient to constitute a cause of action. Lazansky, P. J., Carswell and Tompkins, JJ., concur; Rich and Hagarty, JJ., dissent upon the following ground: The plaintiff breached the promissory warranties in the policy of insurance, which provided that plaintiff would employ two private watchmen within the premises at all times when the premises were not regularly open for business, who would make hourly rounds and record their patrol upon the watchman's clock. This, within the meaning of *Smith* v. *Northwestern F. & M. Ins. Co.* (246 N. Y. 349), invalidated the policy.

DAVIDSON L. SOUTHARD, Respondent, v. GEORGE L. HAGERTY, Appellant.— Order as resettled and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ.